UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PARKSIDE COMMONS APARTMENTS,<br><br>    Plaintiff,<br><br>    v.<br><br>BENITO JOHNSON, et al.,<br><br>    Defendants. | Case No. 16-cv-02657-LB<br><br>**ORDER DIRECTING REASSIGNMENT; REPORT & RECOMMENDATION TO REMAND**<br><br>[Re: ECF No. 1] |

### OVERVIEW

The plaintiff landlord filed an unlawful-detainer case against the defendants in the Superior Court of California, County of Alameda, on March 17, 2016. (ECF No. 1 at 6-8.[1]) The tenant defendants removed the action from state court, asserting federal-question jurisdiction. (Notice of Removal, ECF No. 1 at 1-3.) The undersigned gave the parties until June 27, 2016 to consent to or decline magistrate jurisdiction. (ECF No. 10.) No party has consented. (*See generally* Docket.)

This case is before the court for a *sua sponte* review under 28 U.S.C. § 1915. Because the unlawful-detainer complaint presents only a state claim on its face, and because the requirements for diversity jurisdiction are not met, the court finds no basis for federal jurisdiction. (*See* ECF No. 1 at 6-10.) The court accordingly directs the clerk of court to reassign this case to a district judge,

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

and recommends that the newly assigned district judge remand the case back to the California state court from which it was removed.

## ANALYSIS

**1.    *Sua sponte* jurisdictional screening**

Both defendants are *pro se* and are proceeding *in forma pauperis*. (ECF No. 3, 4.) A complaint filed by any person proceeding *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Furthermore, federal courts have a duty to examine their subject-matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.") (citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject-matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits.")

Where a case has been removed, the court may remand for lack of subject-matter jurisdiction at any time before final judgment. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). "The court may — indeed must — remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *Canterbury Lots 68, LLC v. De La Torre*, 2013 WL 781974, *1 (C.D. Cal. Feb. 28, 2013) (citing *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[T]he district court must remand if it lacks jurisdiction.")). For the

reasons given below, the court lacks subject-matter jurisdiction and this action must be remanded to the Superior Court of Alameda County.

**2.      Discussion**

   **2.1     Diversity jurisdiction**

The removing defendants do not claim that this case exhibits diversity jurisdiction. (ECF No. 1 at 1-3.) The civil cover sheet that they filed upon removing the case to this court does not give the parties' citizenship and does not indicate the amount in controversy. (ECF No. 1-1.) The disputed sum in the state-court complaint is $3,605.91, and "does not exceed $10,000." (ECF No. 1 at 6, 8.) From the addresses that appear on their filings, the defendants reside in California and plaintiff seems to also reside in California. (*Id*. at 1, 6, 9.) Diversity jurisdiction does not exist in this case.

   **2.2     Federal-question jurisdiction**

The defendants do invoke federal-question jurisdiction. (Notice of Removal, ECF No. 1 at 2-3; ECF No. 1-1.) The notice of removal states: "[t]he complaint presents federal questions" and "[f]ederal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 at 2-3.)  This is incorrect. Nothing in the complaint suggests a federal claim or issue. (*Id*. at 6-8.) The state-court complaint is a standard form document consisting mostly of check-the-box options. (*Id*. at 5-8.) The form expressly states that it is an "unlawful detainer" complaint. (*Id*. at 6.)

The defendants standard-form answer also raises no federal issue. (ECF No. 1 at 9-10.) Under the heading of "Affirmative Defenses," the defendants checked the box that states: "By serving the defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California." (*Id*. at 9.) The "Affirmative Defenses" section also states that the defendant "must state brief facts to support" its selected defenses. (*Id*. at 9.) The defendants failed to do so, asserting only one fact: "Improper 3-Day Notice to Quit." (*Id*. at 10.)

3

A state-court defendant may remove an action to federal court so long as the action could have originally asserted federal-question jurisdiction.[2] 28 U.S.C. 1441(a). The burden is on the removing defendant to prove the basis for the federal court's jurisdiction. *Shizuko Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 (9th Cir. 1990). If, after a court's prompt review of a notice of removal, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). Removal jurisdiction statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Takeda v. Nw. Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

The "well-pleaded complaint" rule requires a federal question to be presented on the face of the plaintiff's complaint at the time of removal for federal-question jurisdiction to exist. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). An actual or anticipated federal defense is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009). Similarly, federal-question jurisdiction cannot rest upon an actual or anticipated counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). That said, a plaintiff may not defeat removal by omitting necessary federal questions from his or her complaint. *Franchise Tax Bd. of California*, 463 U.S. 1 at 22.

Here, the plaintiff alleges a single claim against the defendants for unlawful-detainer. (ECF No. 1 at 6-8.) Unlawful-detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g.*, *Fed. Nat'l Mortg. Assoc. v. Lopez*, No. 3:11-cv-00451-WHA, 2011 WL 1465678, at *1 (N.D. Cal. Apr. 15, 2011); *GMAC Mortg. LLC v. Rosario*, No. 4:11-cv-01894-PJH, 2011 WL 1754053, at *2 (N.D. Cal. May 9, 2011); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).

## CONCLUSION

---

[2] District courts have original jurisdiction over cases that arise under the laws of the United States. U.S. Const. art. III, § 2, cl. 1.

1  The undersigned directs the clerk of court to reassign this case to a district judge. The
2  undersigned recommends that the newly assigned district judge remand this action to the Superior
3  Court of Alameda County, California, for want of federal subject-matter jurisdiction. *See* 28
4  U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks
5  subject matter jurisdiction, the case shall be remanded.").

6  Any party may serve and file specific written objections to this recommendation within 14
7  days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Civil
8  L.R. 72-3. Failure to file written objections within the specified time may waive the right to appeal
9  the district court's order.

10  **IT IS SO ORDERED AND RECOMMENDED.**

11  Dated: June 30, 2016

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUDEN, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN MARTIN, et al.,<br><br>　　　　　　Defendants. | Case No.  3:16-cv-02016-WHO   (LB)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 30, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Franklin Martin
3855 Rockford Drive
Antioch, CA 94509

Mary Martin
3855 Rockford Drive
Antich, CA 94509

Dated: June 30, 2016

　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　Lashanda Scott, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　Honorable LAUREL BEELER

6